**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| ISRAEL GARZA, On Behalf of Himself and All Others Similarly Situated, | ] | CAUSE NO.: ___________ |
| *Plaintiffs*, | ] | |
| v. | ] | JURY TRIAL DEMANDED |
| RAILROAD SIGNAL INTERNATIONAL, LLC, | ] | |
| *Defendants*. | ] | COLLECTIVE ACTION |

# ORIGINAL COMPLAINT

## SUMMARY

1. The assistant laborers (Assistant Laborers) and foremen (Foremen) on the railroad signal crews for Railroad Signal International, LLC (Railroad Signal) work long, arduous hours. Railroad Signal, however, does not pay its Assistant Laborers or its Foremen proper overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Rather, Railroad Signal requires its Assistant Laborers and Foreman to work far more that forty (40) hours in a workweek before it pays them any overtime compensation. Further, even when it pays overtime compensation Railroad Signal fails to include all of the compensation it pays its Assistant Laborers and Foreman when calculating their "regular rates" for overtime compensation purposes. Israel Garza (Garza), a former Assistant Laborer and Forman for Railroad Signal, brings this collective action seeking to recover the unpaid and/or underpaid overtime wages and other damages owed to him Railroad Signal's other similarly-situated employees.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Garza's claims occurred in this judicial district and division.

## THE PARTIES

4. Garza is a former employee of Railroad Signal. His consent to participate in this collective action is attached hereto as Exhibit 1.

5. Railroad Signal is an Oklahoma limited liability company with its principal place of business in Tulsa, Oklahoma. Railroad Signal does business in the State of Texas under a certificate issued by the Texas Secretary of State. Railroad Signal may be served with process by serving its registered agent, United Corporate Services, Inc., 815 Brazos St., Suite 500, Austin, Texas 78701.

## THE FACTS

6. Railroad Signal designs, manufactures, installs, maintains, repairs and inspects railroad crossing signals for companies who own, manage, and maintain highway grade railroad crossings.

7. In each of the past three (3) years, Railroad Signal's gross annual revenues have well exceeded $500,000.00.

8. Starting in approximately January of 2013 Railroad Signal employed Garza as an Assistant Laborer.

9. As an Assistant Laborer Garza typically spent his workweeks, mostly in the McAllen, Texas area, installing bungalow cases, cantilevers, gate mechanisms, signal relays and other railroad signal equipment.

10. In performing these duties as an Assistant Laborer, Garza was an employee engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that had been moved in or produced for commerce within the meaning of the FLSA.

11. Garza routinely worked in excess of forty (40) hours in a workweek for Railroad Signal as an Assistant Laborer.

12. Railroad Signal was well aware of the fact that Garza routinely worked in excess of forty (40) hours in a workweek.

13. Railroad Signal paid Garza an hourly rate for his work plus a daily *per diem*.

14. Railroad Signal did not pay Garza at one-and-one-half times his "regular rate" for all of the hours he worked in excess of forty (40) in a workweek.

15. Railroad Signal only paid Garza overtime compensation when he exceeded hours of work in a workweek much higher than forty (40).

16. Further, even when Railroad Signal paid Garza overtime, it incorrectly calculated Garza's "regular rate" by failing to include the *per diems* he earned in the "regular rate" calculation.

17. Sometime in 2013 Railroad Signal reassigned Garza as a Foreman.

18. As a Foreman, Garza continued to spend the vast majority of his working time installing bungalow cases, cantilevers, gate mechanisms, signal relays and other railroad signal equipment.

19. As a Foreman, Garza continued to routinely worked in excess of forty (40) hours in a workweek for Railroad Signal.

20. Again, Railroad Signal were well aware of the fact that Garza routinely worked in excess of forty (40) hours in a workweek as a Foreman.

21. Railroad Signal paid Garza an hourly rate for his work as a Foreman plus a daily *per diem*.

22. Railroad Signal did not pay Garza at one-and-one-half times his "regular rate" for all of the hours he worked in excess of forty (40) in a workweek during the time Garza worked as a Foreman.

23. Again, Railroad Signal only paid Garza overtime compensation when he exceeded hours of work in a workweek much higher than forty (40).

24. Further, even when Railroad Signal paid Garza overtime for his work as a Foreman, it incorrectly calculated Garza's "regular rate" by failing to include the *per diems* he earned in the "regular rate" calculation.

## COLLECTIVE ACTION ALLEGATIONS

25. Garza re-alleges paragraphs 1-24 as if set out here in their entirety.

26. In addition to Garza, Railroad Signal has employed many other Assistant Laborers and Foremen over the last three (3) years.

27. These Assistant Laborers and Foremen performed the same or similar job duties for Railroad Signal as Garza performed such as installing bungalow cases, cantilevers, gate mechanisms, signal relays and other railroad signal equipment..

28. Like Garza, in performing their duties as Assistant Laborers and Foremen these other individuals were employees engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that had been moved in or produced for commerce within the meaning of the FLSA.

29. Railroad Signal paid these other Assistant Laborers in the same manner for the hours they worked including paying them an hourly rate for their work plus a daily *per diem*.

30. Railroad Signal paid these other Foremen in the same manner for the hours they worked including paying them an hourly rate plus a daily *per diem*.

31. Railroad Signal did not pay its other Assistant Laborers and Foremen at one-and-one-half times their "regular rates" for all of the hours they worked in excess of forty (40) in a workweek.

32. Railroad Signal only paid its other Assistant Laborers and Foremen overtime compensation when they exceeded hours of work in a workweek much higher than forty (40).

33. Railroad Signal incorrectly calculated their other Assistant Laborers' and Foremen's "regular rates" by failing to include the *per diems* they earned in the "regular rate" calculation.

34. Even when Railroad Signal paid its other Assistant Laborers and Foremen overtime for their work, it incorrectly calculated their "regular rates" by failing to include the *per diems* they earned in the "regular rate" calculation.

35. Railroad Signal's other Assistant Laborers and Foremen should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, there are two proper FLSA opt-in groups and they are properly defined as:

**(1) All Assistant Laborers employed by Railroad Signal within the 3 years preceding the filing date of this complaint through the time of trial**

and

**(2) All Foremen employed by Railroad Signal within the 3 years preceding the filing date of this complaint through the time of trial**

## CAUSES OF ACTION

36. Garza re-alleges paragraphs 1-35 as if set out here in their entirety.

37. The FLSA requires employers to pay their employees one-and-one-half times their "regular rates" for hours those employees work in excess of forty (40) in a workweek.

38. Railroad Signal employed Garza and its other Assistant Laborers and Foremen within the meaning of the FLSA.

39. Railroad Signal is an employer within the meaning of the FLSA.

40. Garza and Railroad Signal's other Assistant Laborers and Foremen are or were employees engaged in commerce and/or in the production of goods for commerce and/or handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

41. Railroad Signal is an enterprise engaged in commerce within the meaning of the FLSA.

42. By failing to pay Garza and its other Assistant Laborers and Foremen overtime compensation at one-and-one-half times their "regular rates," Railroad Signal violated the FLSA's overtime provisions.

43. Railroad Signal owes Garza and its other Assistant Laborers and Foremen the difference between the rates actually paid (or not paid) and the proper overtime rates.

44. Because Railroad Signal knew its pay practices violated the FLSA, or showed reckless disregard for whether its pay practices violated the FLSA, Railroad Signal owes these wages for at least the past three (3) years.

45. Railroad Signal is liable to Garza and its other Assistant Laborers and Foremen for an amount equal to all unpaid and/or underpaid overtime wages.

46. Railroad Signal is, further, liable to Garza and its other Assistant Laborers and Foremen for liquidated damages in an additional amount equal to all unpaid and/or underpaid overtime wages.

47. Garza and Railroad Signal's other Assistant Laborers and Foremen are entitled to recover all reasonable attorneys' fees and out-of-pocket incurred in this action.

## JURY DEMAND

48. Garza demands a trial by jury.

## PRAYER

Garza asks that Railroad Signal be summoned to appear and answer, and that the Court:

1. Enter an order allowing this action to proceed as a collective action under the FLSA;

2. Upon final hearing, award Garza and Railroad Signal's other Assistant Laborers and Foremen judgment against Railroad Signal for all unpaid and/or underpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Upon final hearing, award Garza and Railroad Signal's other Assistant Laborers and Foremen judgment against Railroad Signal for post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. Award Garza and Railroad Signal's other Assistant Laborers and Foremen all such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

**/S/ Michael K. Burke**
By:________________________________

Michael K. Burke
mburke@mmguerra.com
Texas State Bar No.: 24012359
Fed I.D. No.: 24356
*Attorney-In-Charge for Plaintiff*
3900 N. 10th St., Suite 850
McAllen, Texas 78501
(956) 682-5999 – Telephone
(888) 317-8802 – Facsimile

**Of Counsel:**

Michael M. Guerra
mike@mmguerra.com
Texas State Bar No.: 00787603
S.D. of Tex. No.: 18850
**LAW OFFICES OF MICHAEL M. GUERRA BURKE & KHIRALLAH, LLP**
3900 N. 10th St., Suite 850
McAllen, Texas 78501
(956) 682-5999 – Telephone
(888) 317-8802 – Facsimile